UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00127-F

| | | |
|---|---|---|
| CANDICE GULLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REX HOSPITAL, INC., | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Rex Hospital, Inc.'s Motion to Dismiss [DE-9] and *pro se* Plaintiff Candice Gulley's Motion for Leave to Amend and Re-file the Summons [DE-17]. Each party responded to the other's motion, but no replies were filed within the allotted time. This matter is ripe for disposition. For the reasons more fully stated below, the Motion to Dismiss is DENIED and the Motion for Leave is ALLOWED.

## I. STATEMENT OF THE CASE

Plaintiff filed the instant Title VII action [DE-1] on March 6, 2014, challenging her termination of employment by Defendant. The court issued Summons [DE-3] on the same day, and Plaintiff shortly thereafter attempted to serve Defendant by certified mail. Pl.'s Mem. in Support of Mot. to Amend [DE-18] at 1. She addressed and sent the Summons to "Rex Hospital," but failed to include the Complaint in the mailing. *Id.* at 1-2. On 10 March 2014, a mailroom clerk at Rex Hospital received and signed for the Summons, and on 13 March 2014, Rex Hospital's legal department received it. Mem. in Support of Def.'s Mot. to Dismiss [DE-10] at 2. Plaintiff filed a Proof of Service [DE-5] on March 18, 2014.

## II. ANALYSIS

Defendant seeks dismissal of Plaintiff's claim pursuant to "Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) for lack of personal jurisdiction, insufficient process, and insufficient service of process." Mem. in Support of Def.'s Mot. to Dismiss [DE-10] at 3. Plaintiff, in turn, seeks leave to have a new summons issued and a reasonable period of time to re-serve Defendant in accordance with applicable rules of procedure. Pl.'s Mem. in Support of Mot. to Amend [DE-18] at 3.

### A.  Legal Standard

A plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(c)(1) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Serving a summons or complaint alone is insufficient, and may serve as grounds for dismissal. *See Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. 2008) (dismissing action where Plaintiff served only the first page of his complaint, without a summons).

Rules 4(e) and (h) of the Federal Rules of Civil Procedure provide that service on a corporation may be made pursuant to the "state law for serving a summons in an action brought in

2

courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." North Carolina Rule of Civil Procedure 4(j)(6)(c), in turn, allows for service on a corporation "[b]y mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent." North Carolina law requires a strict construction of the service of process statutes, and, thus, proper service is not effectuated if the statute is not followed, even if the defendant has actual notice of the complaint. *Stack v. Union Reg'l Mem'l Med. Ctr., Inc.*, 614 S.E.2d 378, 382 (N.C. Ct. App. 2005). Without proper service of process, this court is deprived of personal jurisdiction over a defendant. *See Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Rule 4(m) of the Federal Rules of Civil Procedure prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Rule 4(m), however, also states that a court must extend the time for service if the plaintiff shows good cause for failure to effect service. *See also* Fed. R. Civ. P. 4(m) advisory committee's note (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*") (emphasis added). Courts have authorized extensions of time where a *pro se* plaintiff has made a reasonable effort to effect service. *See, e.g., Hammad v. Tate Access Floors, Inc.*, 31 F. Supp.2d 524, 528 (D.Md. 1999). Additionally, Rule 4(a)(2) provides that a "court may permit a summons to be

3

amended." *See Moses v. North Carolina Dept. Of Transp.*, No. 2:07-CV-52-BR, 2008 WL 2330980, at * 2 (E.D.N.C. June 5, 2008).

### B. Plaintiff's service on Defendant

The record shows that Plaintiff has not properly served Defendant. Specifically, she failed to satisfy Rule 4(c)(1) by not serving Defendant with both the Summons and Complaint. Additionally, she did not comply with North Carolina Rule of Civil Procedure 4(j)(6)(c) because she failed to address the Summons and Complaint to an "officer, director or agent" of Rex Hospital, instead addressing it to only "Rex Hospital." [DE-5].

The court notes that *pro se* plaintiffs attempting to comply with service of process rules are entitled to more latitude than litigants represented by counsel. *See, e.g., Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *Wright v. North Carolina State Univ.*, No. 5:98-CV-644BR3, 1998 WL 937273, at *5 (E.D.N.C. Nov. 18, 1998). In this case, Plaintiff's improper service of the Summons and Complaint does not justify dismissal of her claim. *See Moses*, 2008 WL 2330980, at *2 (allowing the plaintiff to amend the summons to direct delivery to an authorized agent). Pursuant to Rule 4(a)(2), Plaintiff will be allowed to amend her summons to direct delivery to an authorized agent of Rex Hospital. Plaintiff has shown no lack of diligence, as she made a good faith effort to serve Defendant almost immediately after the summons was issued. *See Johnson v. BAC Home Loans Servicing, LP*, No. 5:10-CV-271-F, 2011 WL 223874, at *4 (E.D.N.C. January 21, 2011) (allowing additional time to effectuate proper service where the plaintiff made reasonable efforts to serve the defendant). Additionally, she filed the instant Motion for Leave to Amend and Re-file the Summons on May 19, 2014, well within the 120-day time limit prescribed by Rule 4(m).

Accordingly, for good cause shown, or, alternatively, in this court's discretion, the court

ORDERS that time for effecting service of process be extended until **November 3, 2014.** Plaintiff may obtain a reissued summons from the Clerk of Court. Plaintiff is advised to consult Rule 4 of the Federal Rules of Civil Procedure and the applicable North Carolina Rules of Civil Procedure for the requirements of properly completing summonses and for service of process. Plaintiff also is advised that the failure to effect proper service by November 3, 2014 may result in the dismissal of this action.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend and Re-file the Summons [DE-17] is ALLOWED. The court ORDERS that the time for effecting service of process on Defendant be extended until November 3, 2014. The Clerk of Court is DIRECTED to mail a blank copy of summons to Plaintiff, to be prepared and properly addressed to Defendant by Plaintiff. Defendant's Motion to Dismiss [DE-9] is DENIED without prejudice.

SO ORDERED.

This the _11_ day of September, 2014.

_James C. Fox_
James C. Fox
Senior United States District Judge